(Superior court of Cincinnati.)
(Special term.)

BLOCK et al., v. THE STANDARD DISTILLING & DISTRIBUTING CO.

(1.) It is always proper that a plaintiff make explanatory averments, by way of inducement, of matters connected with the subject of controversy which otherwise would be left vague and uncertain.

(2.) The court, on a motion that it is equivalent to a special demurrer, must assume that the plaintiff has stated in his declaration the substance of the contract without qualification or condition; additional matter is prolixity.

(3.) The conditions of a contract whose performance are averred must be, and can be, only those which form part of the contract or promise as stated in the petition.

---

DEMPSEY, J.

Plaintiffs sue on a written contract, and aver that by said contract, *"among other things, it was agreed,"* and then plaintiffs set forth in substance so much of the contract as they rely upon, and from which it appears that plaintiffs were to be appointed "one of the authorized agents or distributors of defendant's product," and then follow other terms of the contract. The general averment is then made that "the plaintiffs have faithfully complied with all the provisions and conditions of said agreement on their part."

A motion is interposed by defendant to make the petition more definite and certain by stating: 1. What were *"the other things"* which, as mentioned in the petition, were agreed upon in the contract. 2. What is meant by the words "authorized agents or distributors of defendant's product." 3. What were "the provisions and conditions of the agreement" on the plaintiff's part referred to in the petition.

Taking the second branch of the motion first, it is my judgment that this part of the motion should be granted. While it may not be material in the least to the controversy between the parties, yet for the court to get an intelligent understanding of the subject of the controversy it is always proper that explanatory averments should be made, by way of inducement, of matters connected with the subject of controversy that otherwise would be left vague and uncertain.

2. As to the first branch of the motion, in reference to the phrase, "among other things," it is my judgment that those words ought to be stricken out, as surplusage and immaterial.

While a plaintiff must state the contract sued on, at least so much thereof as embraces the defendant's promise, truly and correctly, yet, "it is sufficient to state those parts of it whereof a breach is complained, or in other words, to show so much of the terms beneficial to the plaintiff in a contract, as constitutes the point for the failure of which he sues; and　*　*　* it is not necessary or proper to set out other parts not qualifying or varying in any respect the material parts above mentioned." 1 Chitty on Pl., *311. Now, the court can not take judicial notice of what the terms and conditions of the contract really are, save as disclosed by the petition, and in the first instance, when the question is presented by a motion of this kind, which is in the nature of a special demurrer, must assume that the substance of the contract, at least so much of the contract as is beneficial to plaintiff, is as stated by him in his declaration, and that without any qualification or condition. The plaintiff has picked out what he judges he is entitled to recover on, and we must presume that he has judged rightly. The statement of additional matter would be needless prolixity, and add nothing to the cause of action.

While it may turn out that he has not stated the contract correctly—that is, incorporated all that was essential to his right to recover on *the* particular contract—the question as to that can not be made by motion, or special demurrer. That is matter of substance, and is reached by tendering a proper issue of fact, and, when the proof comes on the plaintiff would fail by reason of a variance between his contract as stated and the evidence thereof

he offers. Nevertheless, as the words complained of tend to raise an uncertainty, they ought to be stricken out.

3. As to the third branch of the motion involving the averment generally of the performance by plaintiff of the conditions and agreements on his part, I wish to refer to my decision in the case of Lauer, administratrix, v. Equitable Life Assurance Co. [8 Nisi Prius, 117], decided concurrently with this case, in which I made a careful examination of this point, and in which I came to the conclusion that when performance of conditions is pleaded in actions on contract, the averments thereof are intended, however general in their nature, to refer alone to such conditions as are stated in the pleading as a part of the defendant's contract, or necessarily implied from the nature of the particular contract sued on. In other words, that so much of the petition or declaration as is devoted to averment of performance of conditions precedent is not by way of explication of the terms and conditions of the contract, which must be independently set forth in the petition or declaration when the contract itself is stated, either expressly or by way of necessary inference, but are averments which are to show that the conditions of the contract, *as they are stated or described* when the contract is set forth, have been fully complied with, and thus the obligation of the defendant has been fixed.

That was the rule at common law, where in pleading such performance it was incumbent upon the plaintiff to do it specifically—that is, to take each condition contained in the contract and show by his averments that he had performed them exactly and in accordance with the intent of the contract. Now, such performance could not be averred, unless the conditions had been previously averred, and that must be done when the contract or promise is stated. In other words, these two portions of the declaration or petition go together, the averments as to performance following as a necessary sequence to the statement of the contract, and, consequently, the conditions whose performance is averred must be, and can be, only those which form part of the contract or promise as stated. When a pleader avers generally that he has performed all the conditions on his part to be performed, that, read in connection with the contract as previously stated by him, means that he has performed all of the conditions set forth required by the contract stated. As a consequence of this construction, no uncertainty as to the existence of other conditions can arise from the general averment permitted by the code, for in its effect it is to be limited to the contract described in the petition.

Of course, as said in the Lauer cases, there may be conditions over and above those set forth in the statement of contract as made by the pleader; but, if that turn out so, then the delinquency is one, not of form, but of substance; the plaintiff simply has not stated the contract truly and correctly; and the defendant meets that by tendering an issue on that fact. If the defendant is right, then plaintiff is sure to run up against a variance.

For these reasons, which are elaborated in the Lauer cases, this branch of he motion will be denied.

William Worthington, for the motion.
Thornton M. Hinkle and Frederick W. Hinkle, contra.